IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE VARGAS, on behalf of himself and all other plaintiffs known and unknown, | ) ) ) |
| | ) Case No. 08 C 1331 |
| Plaintiff, | ) |
| | ) Judge Grady |
| v. | ) |
| | ) Magistrate Judge Mason |
| BAGEL COUNTRY, LLC, | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, BAGEL COUNTRY, LLC. ("Bagel Country"), by and through its attorneys, Barry A. Gomberg and Brian S. Schwartz of Barry A. Gomberg & Associates, and for its Answer to Plaintiff's Complaint, states as follows:

**I.   NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the portal-to-Portal Act, 29 U.S.C. §251 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, et seq.

**ANSWER**:   Defendant states that the allegations contained in Paragraph 1, Section I of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

**II.   JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§206, 207, the Portal-to-Portal Act, 29 U.S.C. §251, et seq., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the

1

Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

**ANSWER**:   Defendant admits that they are engaged in business in this district but are without information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's current residency.  Defendant states that the remaining allegations contained in Paragraph 2, Section II of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant admits that the laws cited convey jurisdiction to the Court.

### III.   PARTIES

3.   Defendant, BAGEL COUNTRY LLC, (hereinafter "Defendans" [sic]) are engaged in the business of providing restaurant and food services.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, were and is [sic] "employer" as defined under both the federal and statue statutes relied upon herein.

**ANSWER**:   Defendant admits that it is a restaurant and that Plaintiff is a former employee of Defendant.  Defendant states that the remaining allegations contained in Paragraph 3, Section III of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

4.   Plaintiff, JORGE VARGAS, (hereinafter "the named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past hourly employees of Defendant performing food service type duties.  As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

**ANSWER**: Defendant admits that Plaintiff is a former employee of Defendant.  Defendant states that the remaining allegations contained in Paragraph 4, Section III of

Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

## IV.  CLASS ALLEGATIONS

### Fair Labor Standards Act

5.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(B), count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201, et seq., and §251, et seq.  Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.  Plaintiff seeks to send Notice to all similarly situated hourly employees who have been denied proper over time compensation, as required by 29 U.S.C. Section 216(b) and supporting case law.

**ANSWER**:  Defendant states that the allegations contained in Paragraph 5, Section IV of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

### Illinois Minimum Wage Law

6.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1, et seq., Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER**:  Defendant states that the allegations contained in Paragraph 6, Section IV of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

**Illinois Wage Payment and Collection Act**

7. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, et seq., Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action.

**ANSWER**: Defendant states that the allegations contained in Paragraph 7, Section IV of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

**V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. The named Plaintiff, and all similarly situated members of the Plaintiff Class, were compensated as hourly employees for purposes of payroll compensation but during employment have been paid at a straight time rate for some or all hours over 40 per work week, and therefore denied their premium overtime rate of pay for those hours over 40 per work week.

**ANSWER**: Defendant admits that Plaintiff was a former hourly employee of Defendant but denies the remaining allegations contained in Paragraph 8, Section V of Plaintiff's Complaint.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-8. Paragraphs 1 through 8 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count I.

**ANSWER**: Defendant reasserts its answers to each and every allegation of paragraphs 1 through 8 of Sections I through V above as though fully set forth herein.

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the Portal-to-Portal Act, 29 U.S.C. §251, et seq., the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

**ANSWER**: Defendant states that the allegations contained in Paragraph 9, Count I of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

10. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times his regularly hourly wage rate for hours worked over forty (40) in a work week, all as required by the FLSA.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10, Count I of Plaintiff's Complaint.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-8. Paragraphs 1 through 8 of Count I are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count II.

**ANSWER**: Defendant reasserts its answers to each and every allegation of paragraphs 1 through 8 of Count I above as though fully set forth herein.

9. Defendant has, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER**: Defendant denies the allegations contained in Paragraph 9, Count II of Plaintiff's Complaint.

10. Defendant continue a pattern of deliberate, voluntary and willful violation of the Fair Labor Standards Act.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10, Count II of Plaintiff's Complaint.

11.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rte of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

**ANSWER**:    Defendant states that the allegations contained in Paragraph 11, Count II of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-8.    Paragraphs 1 through 8 of Count I are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count III.

**ANSWER**:    Defendant reasserts its answers to each and every allegation of paragraphs 1 through 8 of Count I above as though fully set forth herein.

9.     In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 9, Count III of Plaintiff's Complaint.

**[Plaintiff Complaint does not have a Paragraph 10, Count III]**

11.    The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 11, Count III of Plaintiff's Complaint.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-8. Paragraphs 1 through 8 of Count I are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count IV.

**ANSWER**: Defendant reasserts its answers to each and every allegation of paragraphs 1 through 8 of Count I above as though fully set forth herein.

9. The Illinois Minimum Wage Law provides one and one-half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

**ANSWER**: Defendant states that the allegations contained in Paragraph 9, Count IV of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

10. Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10, Count IV of Plaintiff's Complaint.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-8. Paragraphs 1 through 8 of Count I are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count V.

**ANSWER**: Defendant reasserts its answers to each and every allegation of paragraphs 1 through 8 of Count I above as through fully set forth herein.

9. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, ….". Payment to separated employees is

termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses… and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

**ANSWER**:    Defendant states that the allegations contained in Paragraph 9, Count V of Plaintiff's Complaint are legal conclusions to which no response is required; however, to the extent those allegations are deemed to be allegations of fact, Defendant denies those allegations.

10.    As part of the employment of the employment agreement between the parties herein, Defendant agreed they would pay compensation in compliance with state and federal regulations and law.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 10, Count V of Plaintiff's Complaint.

11.    The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 11, Count V of Plaintiff's Complaint.

12.    The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein has been denied payment of his rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 12, Count V of Plaintiff's Complaint.

13.    Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER**: Defendant denies the allegations contained in Paragraph 13, Count V of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the set-offs and recoupments that Plaintiff owes to Defendant. These set-offs and recoupments including, among other things, premium wages calculated and paid on a daily basis to Plaintiff, paid breaks and paid mealtimes.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel. Prior to the filing of Plaintiff's Complaint, Plaintiff never raised the issues alleged in Plaintiff's Complaint, despite numerous opportunities to do so, by bringing issues to the attention of the Defendant's management. Because Plaintiff never raised the issues alleged in their Complaint, Defendant was unaware of the alleged issues and had no opportunity to alter their conduct.

### Fourth Affirmative Defense

Plaintiff is not entitled to liquidated damages because Defendant has acted in good faith at all times and Defendant had reasonable grounds for believing their actions were in accordance with the law.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Bagel Country, LLC. Defendant further requests that this Court award Defendant's any further relief that the Court deems just, proper and equitable.

                                                   Respectfully submitted,

                                                   BAGEL COUNTRY, LLC.

                                      BY:   /s/ Barry A. Gomberg
                                                   One of Defendant's Attorneys

Barry A. Gomberg
Brian S. Schwartz
BARRY A. GOMBERG & ASSOCIATES
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
Phone: (312) 922-0550

## **CERTIFICATE OF SERVICE**

To:   John W. Billhorn
      Billhorn Law Firm
      515 North State Street, Suite 2200
      Chicago, Illinois  60610

I, Barry A. Gomberg, an attorney, certify that I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served on the above named attorney of record for Plaintiff via CM/ECF on May 12, 2008.

                                        /s/ Barry A. Gomberg