## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JORGE VARGAS** on behalf of himself and all other plaintiffs known and unknown, | ) ) ) ) **N<u>o.</u>** 08 CV 1331 |
| Plaintiff | ) ) Honorable Judge Grady |
| v. | ) ) Magistrate Judge Mason |
| **BAGEL COUNTRY, LLC** | ) ) |
| Defendant | ) *__JURY DEMAND__* ) |

**PLAINTIFF'S UNOPPOSED MOTION
TO BEGIN NOTICE TO MEMBERS OF THE PLAINTIFF CLASS**

NOW COMES the Plaintiff, **JORGE VARGAS**, on behalf of himself, and all other Plaintiffs similarly situated known or unknown, through his attorney of record, JOHN W. BILLHORN, and for his **UNOPPOSED MOTION TO BEGIN NOTICE TO MEMBERS OF THE PLAINTIFF CLASS**, state as follows:

1. On behalf of himself and all other past and present employees of Defendant, Bagel Country, LLC, Plaintiff has filed his claim for unpaid wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA").

2. By agreement, Defendant has identified or will identify other similarly situated individuals, both past and present hourly employees who have worked as for Defendant within the last three years.

3.      The statute of limitations controlling a Fair Labor Standards Act action is two years, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action has accrued (See 29 U.S.C. §255(a), also known as the Portal to Portal Act). Additionally, the statute of limitations may be suspended or tolled temporarily or indefinitely under certain circumstances.

4.      For the named Plaintiff herein, his cause of action will accrue back two or three years, or more, from the date of filing of this complaint. However, pursuant to the provisions of the Portal to Portal Act, future Class members are not capable of tolling their statute of limitations until such time their consent to join the action as Parties-Plaintiffs has been filed with the Court:

> §256.  <u>DETERMINATION OF COMMENCEMENT OF FUTURE ACTIONS</u>
>
> In determining when an action is commenced for the purpose of section 6 [29 USCS § 255], an action commenced on or after the date of the enactment of this Act [May 14, 1947] under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant-
>
> (a)    on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b)    if such written consent was not so filed or if his name did not so appear on the subsequent date on which such written consent is filed in the court in which the action was commenced.

5.	Thus, it is necessary to immediately initiate the sending of Notice to all past and present hourly workers identified by Defendants as being similarly situated to the named Plaintiff herein, as well as uniform "consent form" to be returned to the Court indicating each individual's desire to join the Class.

6.	Attached hereto as Exhibit "A" is a "Notice" and "Consent" form which the Parties have reached agreement with regard to both language and content. Both are based upon principles and conditions as stated in other court opinions on the subject. (e.g., **_Allen v. Marshall Field & Company,_** **93 F.R.D. 438 (N.D.Ill. 1982).**

7.	Courts in virtually all circuits have followed the findings of the U.S. Supreme Court and have determined that such notice to potential class members in F.L.S.A. litigation is appropriate where the ability of those individuals to otherwise learn of their claim is limited. (See **_Hoffman-LaRoche, Inc. v Sperling,_** **493 U.S. 165 (1989),** **_Woods v. New York Life Ins.,_** **686 F.2d 578 (7th Cir. 1982),** **_Braunstein v. Eastern Photographic Labs, Inc.,_** **600 F.2d 335 (2d Cir. 1978**).

8.	After approval of the Notice and Consent forms, Notice shall be sent to the last known address of the each similarly situated individual identified.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, request this court to enter an order:

(a) Approval of the language and content of Notice and Consent agreed upon by the Parities, and

    (b) For such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 7/29/2008*

*s/ John W. Billhorn*

_____

John W. Billhorn,
Attorney for Plaintiff

BILLHORN LAW FIRM
515 N. State Street  / Suite 2200
Chicago, IL 60610
312) 464-1450